## DANIEL v. COOK et al.
### No. 1269.

Court of Civil Appeals of Texas. Eastland.
May 4, 1934.

Davidson, Doss & McMahon, of Abilene, for appellant.

Kirby, King & Overshiner, of Abilene, for appellees.

FUNDERBURK, Justice.

In this suit brought by W. S. Daniel against Mrs. M. J. Cook, a widow, the plaintiff, among other things, sought to foreclose an attachment lien upon 125 acres of land in Jones county, belonging to the defendant.

Mrs. Cook defended on the ground that the land was her homestead, and for that reason exempt. Mrs. Cook, on or about September 17, 1907, after she became a widow, acquired, by purchase, the land in question, and together with eight minor children of hers moved upon and occupied it as a home. She alleged that it continued to be her homestead up to the time of the levy of the attachment.

In reply to this contention, Daniel pleaded that Mrs. Cook had long since abandoned the property as her homestead, and had acquired, owned, and lived upon other land in Taylor county and elsewhere, by reason whereof the land in controversy had long since lost its homestead character. The evidence showed that Mrs. Cook, with two unmarried daughters, moved from the farm to Abilene in 1924, and had not since occupied the farm in question. At the time suit was filed Mrs. Cook with her only remaining unmarried daughter was living with another married daughter in California. The single daughter was about 27 years of age.

The jury to whom the case was submitted on special issues found that: (a) Mrs. Cook with unmarried members of her family had occupied the farm as a homestead for several years prior to 1923; (b) that she at all times since 1923 had been the head of a family consisting of herself and unmarried dependent child or children; (c) that she had at all times since 1923 intended to move with the unmarried dependent member, or members, of her family back to the farm and make it a permanent home for herself and such unmarried dependent member, or members, of her family; (d) and that Mrs. Cook, as the head of a family, never intended at any time to use any of the property acquired by her in Abilene as a permanent home for herself and unmarried dependent member, or members, of her family. The trial judge, after refusing a requested peremptory instruction for Daniel, gave judgment for Mrs. Cook, denying foreclosure of the attachment lien. From this judgment, Daniel has appealed.

Appellant's first contention is that the evidence showed conclusively as a matter of law that Mrs. Cook at the time of the levy of attachment was not the head of a family, and that, therefore, regardless of any question of abandonment of the homestead, the land in controversy was not exempt. Since the question is not of controlling importance,

we shall not undertake to set out the evidence. It is our opinion that there was sufficient evidence to raise an issue of fact, and thereby require submission of the issue to the jury, as was done. The jury's verdict upon this issue to the effect that Mrs. Cook at all times since 1923 had been the head of a family was, we think, conclusive.

 We are further of the opinion that since the uncontroverted evidence showed that prior to 1923 the property had been the homestead of Mrs. Cook, and since the jury found, based upon evidence the sufficiency of which is not directly challenged, that at all times since and prior to the time she moved away from the farm she intended to move back and make it her home, and that in the acquisition and use of other property in Abilene she never intended to make the latter her permanent home, her status as to the homestead exemption herein asserted was the same as if she had never moved away. In other words, she continuously occupied the property as her homestead up to and including the time of the levy of the attachment. If so, the question is: Was it necessary that there be any remaining constituent of the family other than Mrs. Cook herself? This question, we think, must be regarded as settled by the opinion in Woods v. Alvarado State Bank, 118 Tex. 586, 19 S. W.(2d) 35. Counsel for appellee, in argument, sought to show that the discussion of this point in said opinion was dicta. A distinction is argued, based upon whether the homestead is acquired while both husband and wife are living, or by one of the spouses after the marriage relation, for any reason, has been dissolved. It is well settled, and seems to be conceded, that if the homestead is acquired at a time when husband and wife are living together, the exemption continues so long as it remains occupied, regardless of the fact that no constituent members of the family remain, other than the survivor. We are unable to see any good reason for making the distinction suggested. The Supreme Court's opinion referred to, we think, must be regarded as holding that there is no such distinction. In that case the land in controversy was acquired after dissolution of the marriage relation. The manner of dissolution is unimportant. The court's opinion could not be correct on the facts of that case if the distinction here insisted upon should be held to exist. The discussion of the point was, therefore, we think, not merely dicta.

It is immaterial, so far as we can see, that the evidence failed to show any acts of preparation confirmatory of Mrs. Cook's testimony that she at all times intended to return and occupy the farm as her home. Her testimony alone raised the issue as one of fact. There was no evidence to the contrary, which as a matter of law can be held to be conclusive of the issue.

We have, therefore, concluded that the judgment of the court below should be affirmed, which is accordingly so ordered.